EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Partido Nuevo Progresista<br><br>Recurridos<br><br>v.<br><br>Jorge de Castro Font, Migdalia Padilla Alvelo, Luis Z. Arce Ferrer y Carlos A. Díaz Sánchez<br><br>Peticionarios | Certiorari<br><br>2007 TSPR 154<br><br>172 DPR \_\_\_\_ |

Número del Caso: CT-2007-6


Fecha: 17 de agosto de 2007


Abogado de la Parte Peticionaria:

Lcdo. Rubén T. Nigaglioni
Lcda. Verónica Ferraiuoli

Abogado de la Parte Recurrida:

Lcdo. Félix R. Passalacqua Rivera
Lcdo. José A. Carlo Rodríguez



Materia: Certificación


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Partido Nuevo Progresista

    Recurridos

        v.

                            CT-2007-6

Jorge de Castro Font, Migdalia
Padilla Alvelo, Luz Z. Arce
Ferrer y Carlos A. Díaz Sánchez

    Peticionarios

RESOLUCIÓN

San Juan, Puerto Rico, a 17 de agosto de 2007

Vista la *Solicitud de Certificación* y la *Solicitud de Orden en Auxilio de Jurisdicción* presentadas en el caso de epígrafe, se provee no ha lugar a ambas en esta etapa de los procedimientos. Ello sin perjuicio de que el Tribunal de Primera Instancia pueda tomar las medidas cautelares que estime correspondientes.

Notifíquese vía facsímile y vía telefónica.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri proveería no ha lugar a la *Solicitud de Certificación* en esta etapa de los procedimientos; pero a la vez instruiría al Tribunal de Primera Instancia a que, en auxilio de su jurisdicción, ordene a la Comisión Estatal de Elecciones la entrega de las solicitudes de endoso a los peticionarios, para que éstos puedan continuar con el proceso de recogido de endosos en lo que se adjudica el caso en el foro primario; de modo que, de prevalecer los peticionarios en ese foro, no sea académico el remedio que procuran. Claro está, de no resultar exitosos los peticionarios, los endosos obtenidos no

tendrían eficacia alguna.  El Juez Asociado señor Rivera Pérez hace constar:  "proveería no ha lugar al recurso de certificación y a la solicitud en auxilio de jurisdicción." El Juez Asociado señor Rebollo López emitió voto disidente.


                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Partido Nuevo Progresista

    Querellante-recurrido

      vs.

                        CT-2007-6

CERTIFICACIÓN
Jorge De Castro Font,
Migdalia Padilla Alvelo,
Luz Z. Arce Ferrer y
Carlos A. Díaz Sánchez

    Querellados-peticionarios

VOTO DISIDENTE EMITIDO POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, a 17 de agosto de 2007.

Aun cuando, en estos momentos, <u>no</u> estamos pasando juicio sobre la corrección jurídica de los planteamientos presentados por los Senadores peticionarios, <u>concederíamos la solicitud de Certificación radicada por éstos</u>.

Existiendo la <u>posibilidad</u> de que los planteamientos sean correctos, en un <u>justo balance de los intereses envueltos</u>, entendemos que debe prevalecer la <u>solución rápida</u> por parte de este Tribunal de la controversia planteada, <u>de una u otra forma</u>, en lugar de permitir que los procedimientos sigan su curso ordinario a nivel del Tribunal de Primera Instancia y la posterior revisión de la decisión que se emita a

ese nivel, tanto por el Tribunal de Apelaciones como por este Tribunal. Dicha situación significaría que la solución final del caso se daría, u ocurriría, en o alrededor de la fecha de la celebración de las primarias en el 2008, situación que no sólo es insostenible sino injusta.

En relación a ello, debemos señalar que aquí ya no está en controversia el alegado perjuicio que podrían haber sufrido los peticionarios respecto a la radicación, o no, de la totalidad de los endosos que la Ley Electoral le requiere a los candidatos a puestos políticos. Ya el tribunal de instancia resolvió ese asunto al disponer que la Comisión Estatal de Elecciones está obligada a poner a disposición de los peticionarios los correspondientes formularios de endoso "para poder concurrir a las primarias y según en la proporción que dispone en la Ley Electoral para cada cargo al que aspiran".[1]

El perjuicio que sí pueden sufrir los peticionarios —de este Tribunal no actuar con premura— es la falta de tiempo suficiente para hacer campaña, contrario a los que ya tienen asegurada su participación en las primarias. Ello puede resultar en un perjuicio insubsanable en vista de que no se justifica que los peticionarios hagan campaña activa en apoyo de sus respectivas candidaturas mientras

---

[1] Véase: página 2 de la "Réplica a Solicitud de Orden en Auxilio de Jurisdicción", radicada por el recurrido Partido Nuevo Progresista, el Secretario General y su Comisionado Electoral.

desconozcan si tendrán derecho, o no, a participar en las primarias a celebrarse en Puerto Rico en marzo de 2008.

El argumento del Partido Nuevo Progresista de que el caso debe ser devuelto al tribunal de instancia --para que éste reciba prueba sobre el alegado incumplimiento de los Senadores peticionarios con los requisitos legales y reglamentarios aplicables, ya que la descalificación de éstos alegadamente respondió no sólo a los eventos que dieron lugar al proceso disciplinario que antes revisamos sino que, además, a imputaciones adicionales cuyos pormenores no conocemos a cabalidad[2]-- resulta ser insostenible.

Un examen de estas "imputaciones" demuestra que todas se refieren a ocasiones en que los Senadores peticionarios no siguieron la "línea del Partido", <u>esto es, ocasiones en que ellos actuaron o votaron conforme a su consciencia y criterio en lugar de seguir, ciegamente, las instrucciones mayoritarias</u>. No pasamos juicio, en este momento, sobre si dichas actuaciones --en relación con las cuales podemos tomar, incluso, hasta conocimiento judicial-- son suficientes, o no, para que un partido político pueda legalmente descalificar a un candidato de participar en un proceso primarista. Quizás sí, quizás no. Ese punto está por estudiarse y resolverse.

---

[2] El Partido Nuevo Progresista señala que los peticionarios incurrieron en numerosas faltas de lealtad al Partido <u>luego</u> de haber sido expulsados por el Directorio del mismo.

Lo que sí sabemos es que dicho planteamiento puede ser resuelto a nivel de este Tribunal en lugar de devolverse el caso al tribunal de instancia; acción que, repetimos, tendrá la _funesta consecuencia_ de negarle a los Senadores peticionarios --por el _mero_ pasar del tiempo-- toda posibilidad de competir en el proceso primarista con alguna probabilidad de éxito. Resulta pertinente _enfatizar_ que mientras este Tribunal no resuelva las controversias planteadas, existe la posibilidad de que surjan nuevas imputaciones sobre la alegada deslealtad en contra de los Senadores peticionarios. Ello convertiría en _interminable_ el asunto en cuestión, a nivel de instancia, y provocaría un perjuicio aun mayor al reseñado.

El curso decisorio que hoy mayoritariamente toma el Tribunal parece proteger los derechos de los Senadores peticionarios cuando la realidad es que el mismo no pasa de ser una farsa ("charade") o, lo que es lo mismo, un ejercicio en futilidad.

Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado